SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

   450 Golden Gate Avenue, 11th Floor
   San Francisco, California 94102
   Telephone: (415) 436-6809
   Facsimile: (415) 436-7234
   wendy.thomas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. No. 07-0688 MAG |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE |
| v. | |
| | Hearing Date: January 30, 2008 |
| MARINA SCANNELL, | Time: 1:30 p.m. |
| | Judge: Hon. Bernard Zimmerman |
| Defendant. | |
| | SAN FRANCISCO VENUE |

**I. INTRODUCTION**

On October 29, 2007, the United States filed an Information charging Marina Scannell ("Scannell" or "Defendant") with a violation of Title 36, Code of Federal Regulations, Section 1004.23(a)(1), Driving Under the Influence of Alcohol, a Class B Misdemeanor, and a violation of Title 36, Code of Federal Regulations, Section 1004.23(a)(2), Operating a Motor Vehicle with a Blood Alcohol Content over 0.08%. Scannell contends that Officer April Ramos ("Officer Ramos") violated her Fourth Amendment rights by stopping her without reasonable suspicion and therefore all evidence collected after the stop should be suppressed. Defendant's contentions are incorrect and her motion to suppress should be denied. Officer Ramos had a legal basis for

1  effecting a traffic stop of the defendant's vehicle.

## II. STATEMENT OF FACTS

On September 23, 2007, at approximately 23:51 hours, Officer Ramos was on vehicle patrol in the vicinity of Lincoln Boulevard and Graham Street in the Presidio. *See* Declaration of Officer April Ramos, attached hereto as Exhibit A, at ¶ 2. Officer Ramos observed a white Volvo bearing California license plate # 5WDR925 make an abrupt right hand turn into a parking lot between Buildings 36 and 37 off of Graham Street without displaying a turn signal. *Id.* at ¶ 3. At the time Officer Ramos observed the turn, she was facing the defendant's vehicle. *Id.* at ¶ 4. The parking lot that the defendant turned into was a dead end and all of the businesses that use that parking lot were closed at the time. *Id.* at ¶ 5. The Volvo turned abruptly into the parking lot right after it came close enough to see that Officer Ramos was in a patrol vehicle. *Id.* at ¶ 4. The Volvo then made an abrupt U-Turn and exited the parking lot and then turned right onto Lincoln Boulevard. *Id.* at ¶ 7.

Officer Ramos conducted a traffic stop of the vehicle on Lincoln Boulevard and Funston Avenue. *Id.* at ¶ 8. As Officer Ramos approached the vehicle, she detected the odor of alcohol. *Id.* at ¶ 9. Officer Ramos contacted the driver and identified the driver through her driver's license as the defendant. *Id.* at ¶ 10. As Officer Ramos spoke to the defendant, she noted indicia that the defendant was under the influence an odor of alcohol. *Id.* at ¶ 11. The defendant admitted that she had been drinking and also stated that she had pulled into the parking lot because the defendant had seen the Officer's car. *Id.* at ¶ 12. Officer Ramos subsequently conducted several field sobriety tests which Scannell failed. *Id.* at ¶ 13. Officer Ramos conducted a preliminary alcohol screening test at that time and the defendant blew a .132 % and .136%. *Id.* at ¶ 14. Officer Ramos then placed Scannell under arrest for Operating a Motor Vehicle while Under the Influence of Alcohol. *Id.* at ¶ 15.

## III. ARGUMENT

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and

U.S. RESPONSE TO DEF. MOT.
TO SUPPRESS, CR-07-0688 MAG         2

particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV.  Automobile stops by police officers are seizures within the meaning of the Fourth Amendment and are subject to the constitutional requirement that they not be unreasonable." *See Delaware v. Prouse*, 440 U.S. 648, 653 (1979).

### A. Officer Ramos Had Reasonable Suspicion to Conduct a Traffic Stop of Defendant's Vehicle.

The essential requirement of the Fourth Amendment is that searches and seizures be reasonable.  The reasonableness requirement ordinarily demands that a search or seizure be justified at its inception by a showing of probable cause, or, in the case of a more limited "investigative" traffic stop, by reasonable suspicion, based on specific and articulable facts, that unlawful conduct has occurred or is occurring. *United States v. Sokolow*, 490 U.S. 1, 7 (1989); *Reid v. Georgia*, 448 U.S. 438, 440 (1980) (per curiam); *Terry v. Ohio*, 392 U.S. 1 (1968); *see also U.S. v. Place*, 462 U.S. 696, 702 (1983).  "[T]he level of suspicion required for a *Terry* stop [i.e. reasonable suspicion] is obviously less demanding than that for probable cause."  *U.S. v. Sokolow*, 490 U.S. 1, 7 (1989).  "[T]he Fourth Amendment requires only reasonable suspicion in the context of investigative traffic stops." *United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000).  Whether an officer has reasonable suspicion is based on the totality of the circumstances, taking into account the specific articulable facts along with the rational inferences to be drawn from the facts.  *United States v. Rocha-Lopez*, 527 F.2d 476, 477 (9th Cir. 1975). Moreover, the facts giving rise to the "reasonable suspicion" are measured against an objective reasonable person standard and not by the subjective impressions of the particular officer. *Id.*

Here, Officer Ramos pulled over defendant's vehicle after Officer Ramos saw defendant make a turn without signaling, in violation of California Vehicle Code Section 22107.  California Vehicle Code Section 22107 provides:

> No person shall turn a vehicle from a direct course or move right or left upon a roadway until such movement can be made with reasonable safety and then only after the giving of an appropriate signal in the manner provided in this chapter in the event any other vehicle may be affected by the movement.

Defendant cites to *People v. Cartwright* in support of the proposition that a violation of California Vehicle Code Section 22107 does not necessarily constitute a legal basis for a stop.

U.S. RESPONSE TO DEF. MOT.
TO SUPPRESS, CR-07-0688 MAG           3

(Def. Motion, at 4:16-20); *see People v. Cartwright*, 72 Cal. App. 4th 1362 (1999). However, the vehicle code violation in *People v. Cartwright* was not a signal change. In *Cartwright*, the arresting officer pulled over the defendant's vehicle after observing a traffic infraction (that the tag on the vehicle was not issued to the license plate on the vehicle). The court upheld the stop and search of the vehicle and also held that "the typical traffic stop does not, by itself, constitute a Fourth Amendment seizure of the passenger." *Cartwright*, at 1364. The source of the footnote mention of California Vehicle Code Section 22107 in *Cartwright* that defendant cites to is *People v. Gonzalez.* 7 Cal. App. 4th 381 (1992).

In *People v. Gonzalez*, two officers pulled over a vehicle and defendant, the *passenger* of the vehicle, got out of the car. The officers ordered defendant to get back into the car and, upon approach of the vehicle, observed the defendant exhibit symptoms which led to defendant's arrest for being under the influence of heroin. Standing at the patrol car while the officers conferred, defendant discarded some contraband. Defendant subsequently filed a motion to suppress alleging that being ordered back into the car constituted a detention since the officers had no reasonable suspicion, at the time they ordered the defendant back into the car, that the defendant, as the *passenger* of the vehicle, was involved in criminal activity. The court found that ordering the *passenger* of the vehicle constituted a detention without reasonable suspicion. The Court in that case made absolutely no finding with respect to the reasonable suspicion of the driver or of the driver's failure to comply with California Vehicle Code Section 22107 and, therefore, *Gonzalez* does not inform the Court in this case.

Defendant also cites to *United States v. Mariscal* in support of the instant motion. (Def. Motion, at 4:24-5:1); *see United States v. Mariscal,* 285 F.3d 1127 (9th Cir. 2002). *Mariscal* related to a violation of Arizona Traffic and Vehicle Regulation Section 28-754(A), which provides:

> A person shall not turn a vehicle at an intersection unless the vehicle is in proper position on the roadway as required in section 28-751, or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left on a roadway unless and until the movement can be made with reasonable safety. A person shall not so turn any vehicle without giving an appropriate signal in the manner provided by this article in the event any other traffic may be affected by the movement.

U.S. RESPONSE TO DEF. MOT.
TO SUPPRESS, CR-07-0688 MAG          4

1 In *Mariscal*, the vehicle in which defendant was a *passenger* was pulled over after it failed to
2 signal a turn. There, the district court denied defendant's motion to suppress after observing that
3 the road on which it was traveling was a heavily trafficked road. The decision was overturned
4 when the Ninth Circuit objected to the district court speculating as to the traffic conditions of the
5 road since there was no evidence in the record that there were any other vehicles on the road at
6 the time.

7 *Mariscal* is distinguishable from the instant case in that in *Mariscal*, the turn signal violation
8 was the only factor the officer's provided as the basis for their reasonable suspicion. Here,
9 Officer Ramos observed a violation of the vehicle code but also took note of the fact that the
10 defendant committed the infraction shortly after coming into view of her patrol vehicle. She
11 noted that the defendant turned her vehicle in an abrupt manner and she turned it into a dead-end
12 parking lot where all the businesses were closed. Officer Ramos then noted the Volvo made a u-
13 turn in the parking lot it had just turned into before exiting. Her suspicion was subsequently
14 verified when the defendant admitted to Officer Ramos that she turned into the parking lot
15 because she saw Officer Ramos in her patrol vehicle. Even though the defendant turning her car
16 into the parking lot could also have had an innocent explanation, in such instances the Supreme
17 Court directs the Courts to give due weight to the factual inferences drawn by law enforcement
18 officers. *United States v. Arvizu*, 534 U.S. 266, 277 (2002). In *Arvizu*, the Supreme Court noted
19 that officers may make reasonable deductions and inferences based on their experience and
20 specialized training that "might well elude an untrained person." *Id.* at 273 (internal quotation
21 marks omitted). In this vein, the Court has emphasized that even when factors considered in
22 isolation from each other are susceptible to an innocent explanation, they may collectively
23 amount to a reasonable suspicion. *Id.* at 274. *See also United States v. Ortiz*, 422 U.S. 891, 897
24 (1975)(a police officer may draw inferences based on his or her own experience in deciding
25 whether probable cause exists). Things which are not suspicious to a layman may be viewed by
26 an experienced officer in an entirely different light. *See Ornelas v. United States*, 517 U.S. 690
27 (1996)(Court found that weight should be given to an officer's inference that a loose panel below
28 the back seat armrest may signify that drugs are secreted inside they panel whereas to a layman it

U.S. RESPONSE TO DEF. MOT.
TO SUPPRESS, CR-07-0688 MAG         5

1  would only suggest wear and tear in the vehicle).

2  Thus, based on the totality of the circumstances, Officer Ramos made reasonable inferences that gave rise to a finding of reasonable suspicion. Moreover, even barring those additional factors, the defendant should not be excused for the violation of California Vehicle Code Section 22107. *See Litherbury v. Kimmet*, 183 Cal. 24, 27 (1920)("The necessity for the driver of a motor vehicle to signal before turning, and particularly before turning to the left, is so great, and the practice of signaling in such a case is so universal and so relied upon, that there is no room for a reasonable difference of opinion as to the conduct of a driver who fails to signal without making certain that there is no one behind him."); *see also People v. Thompson*, 79 Cal. App. 4th 40, 61 (2000)(Court upheld defendant's conviction for gross vehicular manslaughter and found that California Vehicle Code 22107 applies to any movement to the left or right from a direct course); *see also State v. Lemus*, 103 Wn. App. 94 (2000)(officer had reasonable suspicion defendant violated traffic code where defendant made a lane change without signaling).

### IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny Defendant's motion to suppress all evidence and statements arising from the encounter between Officer Ramos and the Defendant.

Dated: January 2nd, 2008

    Respectfully Submitted

    SCOTT N. SCHOOLS
    United States Attorney


    _____/s/_____
    WENDY THOMAS
    Special Assistant United States Attorney