UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. CR 07-0688 MAG (BZ) |
| | ) | |
| v. | ) | |
| | ) | **ORDER GRANTING MOTION** |
| MARINA SCANNELL, | ) | **TO SUPPRESS** |
| | ) | |
| Defendant(s). | ) | |

The motion of defendant Marina Scannell to suppress evidence seized pursuant to a warrantless search following a traffic stop conducted on September 23, 2007 came on for hearing on January 30, 2008. Tim Palm represented the defendant, whose presence had been excused because she is out of the country attending school. Special Assistant United States Attorney Wendy Thomas and law clerk Daniel MacGilligan represented the United States. Officer April Ramos, who arrested defendant, testified. After considering the oral and written arguments of counsel and the testimony of Officer Ramos, the court finds the government has failed to meet its burden of establishing that under the totality of

1

circumstances presented to Officer Ramos on the night of September 23, 2007, she had a "reasonable, articulable suspicion that criminal activity [was] afoot."  <u>Illinois v. Wardlow</u>, 528 U.S. 119, 123 (2000).

Among the factors which inform the court's decision are:

1.  Officer Ramos never identified in her testimony what criminal activity she suspected was afoot when she stopped the defendant.

2.  In its opposition to the motion, the government contended that "Officer Ramos pulled over the defendant's vehicle after Officer Ramos saw defendant make a turn without signaling, in violation of California Vehicle Code § 22107." Opposition Page 3, lines 22-23.  During argument, the government conceded that the defendant had not violated any law by turning without signaling.  <u>See</u> <u>United States v. Mariscal</u>, 285 F.3d 1127 (9th Cir. 2002) (failure to signal before turning is not illegal if traffic is not affected).

3.  Officer Ramos has consistently maintained that she alerted on defendant's driving when defendant made an "abrupt" turn into a parking lot.  In her testimony, she elaborated significantly on that statement, mentioning such things as the rate of speed at which the turn was made, the lean of the car as it turned, the absence of braking and the subsequent delayed stop at the stop sign after defendant left the parking lot.  To the extent that none of this information appears in the declaration Officer Ramos filed in opposition to the motion, let alone in her contemporaneous investigative report and her subsequent DMV report, the court attributed

2

1 | less weight to this testimony.

2 |     4.   In any event, the most Officer Ramos testified to was that she suspected defendant was trying to evade the police. Evading the police, without more, is not sufficient to justify a warrantless search. <u>Wardlow</u>, 528 U.S. at 124, 125; <u>United States v. Brignoni-Ponce</u>, 422 U.S. 873, 884-85 (1975)("attempts to evade officers" is one of a "number of factors [that] may be taken into account" in finding reasonable suspicion).

    5.   Defendant's conduct did not rise to the level of "unprovoked flight upon noticing the police" in a high crime area, which troubled the Court in <u>Wardlow</u>. 528 U.S. at 124. Officer Ramos testified that after defendant entered the parking lot, she turned around, left the parking lot and turned toward the patrol car, before turning right onto Lincoln Blvd.

    **IT IS THEREFORE ORDERED** that defendant's motion is **GRANTED** and the evidence obtained by the Park Police subsequent to the stop is **SUPPRESSED**.

Dated: February 1, 2008

                                            /s/ Bernard Zimmerman
                                            Bernard Zimmerman
                              United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\ORDERS.08\SCANNELL.GRANT MOT.SUPPRESS.dan.wpd